# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PATRICIA A. MCADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-16-1094-G |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now before the Court is Plaintiff Patricia A. McAdams' Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 20) filed through Plaintiff's counsel Timothy M. White. Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("Acting Commissioner") has not responded within the allotted time to Plaintiff's counsel's request for fees in the amount of $19,744.25.

On April 24, 2017, the Court entered a Judgment reversing the Acting Commissioner's decision to deny Plaintiff's application for disability insurance benefits ("DIB") and remanding the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). *See* J. (Doc. No. 16). On May 23, 2018, the Social Security Administration ("SSA") issued a fully favorable decision on Plaintiff's DIB application and found Plaintiff disabled as of January 2, 2012. *See* Pl.'s Mot. Att'y Fees Ex. 2 (Doc. No. 20-2) at 12. The Acting Commissioner has now notified Plaintiff that she is entitled to $102,977.00 in past-due benefits beginning July 2012, *see id*. Ex. 1 (Doc. No. 20-1) at

4,[1] and that pursuant to Plaintiff's fee agreement with counsel[2] up to $19,744.25 of withheld benefits can be applied toward counsel's legal fees. *See id*. at 3. *See also id*. Ex. 3 (Doc. No. 20-3) (attorney fee agreement between Plaintiff and counsel prescribing that fee will be 25% percent of past-due benefits).

Plaintiff did not, prior to filing the current Motion, file a motion pursuant to Federal Rule of Civil Procedure 60(b) requesting relief from the April 24, 2017 Judgment and leave to seek attorney fees under 42 U.S.C. § 406(b). *See McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006) ("We believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award."). Because the Commissioner did not object to the current Motion on that (or any) ground, the Court treats the current Motion as implicitly seeking Rule 60(b) relief and proceeds on that basis. *Cf. Davis v. Astrue*, No. CIV–07–231–SPS, 2010 WL 3860511, at *1 (E.D. Okla. Sep. 30, 2010) (considering § 406(b) motion, despite it not being preceded by Rule 60(b) motion, where Commissioner did not object on that basis). The Court notes, however, that Plaintiff's counsel will be expected to separately seek such relief in appropriate circumstances in the future.

Turning then to the substance of Plaintiff's request, § 406(b)—on which Plaintiff

---

[1] In the Notice of Award issued on June 20, 2018, the SSA advised Plaintiff that "past due benefits are those payable through May 2018," and that such amount is $77,232.75. *See* Pl.'s Mot. Atty's Fees Ex. 1 (Doc. No. 20-1) at 2, 3.

[2] McAdams and AAA Disability Advocates, P.C. (through its representative, attorney White) entered into an attorney fee agreement in August 2016. *See* Pl.'s Mot. Att'y Fees Ex. 3 (Doc. No. 20-3).

has relied—provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). Any such payment must be made "out of, and not in addition to, the amount of such past-due benefits" owed to the claimant. *Id*. This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For a fee request that lies within this boundary, "the attorney for the successful claimant" still "must show that the fee sought is reasonable for the services rendered." *Id*. (citation and footnote omitted).

After engaging in the "independent check" that *Gisbrecht* requires, the Court finds that the requested amount would not be a "reasonable result[ ]" in this "particular case[ ]." *Id*. The request does not exceed the amount contemplated by the relevant fee agreement, and the Court sees no reason for reduction based on counsel's representation or the results achieved. Nevertheless, the Court finds "'downward adjustment is . . . in order,'" *Russell v. Astrue*, 509 F. App'x 695, 696 (10th Cir. 2013) (quoting *Gisbrecht*, 535 U.S. at 808), because "the recovery of past-due benefits for the claimant is 'large in comparison to the amount of time counsel spent on the case.'" *Id*. (emphasis omitted) (quoting *Gisbrecht*, 535 U.S. at 808).

Plaintiff's counsel expended 23.1 hours working on this case. *See* Pl.'s Mot. Atty's

Fees Ex. 5 (Doc. No. 20-5) at 3. Plaintiff's counsel acknowledges that his request would yield "a rate of approximately $854.73 per hour," *see* Pl. Mot. Atty's Fees at 6, but argues that if that amount "is factored by 2.78," *id*. at 6, "to make up for the risk of non-payment," *id*. at 5, and "to reduce it to an equivalent hourly rate of non-contingent work," *id*. at 6, "then an equivalent hourly rate of $307.46 . . . is being charged." *Id*.

While fully recognizing and adhering to *Gisbrecht's* rejection of sole reliance on lodestar calculations, the Court finds that an award of $19,744.25 is excessive and unreasonable in this case in light of the "services rendered." *Gisbrecht*, 535 U.S. at 807. *See Russell*, 509 F. App'x at 696-98 (affirming district court's reduction of counsel's request of $17,184.10 to $11,884.10 for 28.1 hours of work); *Burton v. Berryhill*, No. CIV-15-1039-CG, 2018 WL 4550398, at *1-2 (W.D. Okla. Sept. 21, 2018) (awarding counsel $12,270.80 for spending 22.1 hours litigating claimant's disability case in federal court, which amount was approximately 22.5% of past-due benefits awarded); *Vincent v. Berryhill*, No. CIV-15-610-CG, 2018 WL 1582473, at *1-2 (W.D. Okla. March 30, 2018) (awarding $14,000.00 in fees for 24.6 hours of legal work). *See also Johnson v. Berryhill*, No. CIV-15-1009-HE (W.D. Okla. Oct. 10, 2018) (awarding $15,086.00 in fees for 38.9 hours spent on case).

Accordingly, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 20) and awards Plaintiff's counsel legal fees in the amount of $17,400.00, which is approximately 22.5% of the past-due benefits. The Court ORDERS the SSA to pay such fees out of the past-due benefits that Plaintiff received by reason of this Court's remand and the SSA's favorable

4

decision in this case, *see* 42 U.S.C. 406(b)(1)(A), and further ORDERS the SSA to pay this amount directly to Plaintiff's attorney, Timothy M. White, 7906 East 55th Street, Tulsa, Oklahoma 74145. Attorney White shall promptly refund to Plaintiff the sum of $5,086.10 previously awarded under 28 U.S.C. § 2412. *See* Order of May 23, 2018 (West, J.). *See also Weakley v. Bowen,* 803 F.2d 575 (10th Cir. 1986).

IT IS SO ORDERED this 18th day of December, 2018.

CHARLES B. GOODWIN
United States District Judge